UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Snipe, # 99360-071,<br>*aka Anthony Lamar Snipe,*<br><br>Petitioner,<br><br>vs.<br><br>Warden Mildred L. Rivera,<br><br>Respondents. | ) C/A No. 8:11-2965-SB-JDA<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>) |

The petitioner, Anthony L. Snipe, ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1]  Petitioner is an inmate at the Federal Prison Camp in Estill, South Carolina.  The petition for habeas relief attacks his federal sentence.  Petitioner's habeas petition should be dismissed.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case.  The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents:  *Haines v. Kerner*, 404 U.S. 519 ; *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Background and Discussion</u>

Petitioner pled guilty to charges of possession with the intent to distribute cocaine under 18 U.S.C. § 841(a)(1) and carrying a firearm during a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i), and was sentenced to 120 months and 60 months for the respective convictions, to be served consecutively. He complains this violates the "Except Clause" of § 924(c)(1)(a), which provides for a minimum five-year term as a consecutive sentence "[e]xcept to the extent that a greater minimum sentence is otherwise provided by [§ 924(c) itself] or by any other provision of law." Petitioner previously filed an unsuccessful petition pursuant to 28 U.S.C. § 2255.

The petition should be dismissed because Petitioner's claims are cognizable under 28 U.S.C. § 2255, not 28 U.S.C. § 2241. A petition under § 2241 is available for a federal prisoner to collaterally attack his sentence, only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255; *see also Swain v.*

*Pressley*, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted); *see also In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*). Nonetheless, the Fourth Circuit has concluded, "there must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In only one scenario has the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34.

Petition makes no arguments that pertain to the savings clause. Rather, he focuses on explaining why he was sentenced incorrectly under the so-called "Except Clause" in 18 U.S.C. § 924(c)(1)(A)(I). As discussed above, this Court cannot entertain a challenge to a federal sentence under § 2241 unless the savings clause applies. As Petitioner's claim fails to meet this criteria, he is precluded from relief under § 2241, and his petition should be dismissed.

<u>Recommendation</u>

Accordingly, it is recommended that the § 2241 petition be dismissed *without*

*prejudice* and without requiring the respondent to file an answer. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have a duty to screen habeas corpus petitions and eliminate the burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin

Jacquelyn D. Austin
United States Magistrate Judge

December 27, 2011
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).